IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION



JEROME STEVEN GORDON, No. 1070452

Petitioner,

v.            CIVIL ACTION NO. 1: 12CV834

DANIEL BRAXTON, WARDEN,

Respondent.

## BRIEF IN OPPOSITION OF SUPPLEMENTAL MOTION TO DISMISS AND RULE 5 ANSWER

Your petitioner hereby files the following response to Respondent Motion, dated February 19, 2013.

1). Petitioner states that on or about February 1, 2013 that he amended his Federal Petition, under <u>Subheading</u> ineffective assistance of counsel "insufficiency of the evidence " (solicitation of child pornography).

2). Pro se litigant in particular, should be afforded every reasonable opportunity to demonstrate that he has a valid claim.

3). Petitioner states that he was denied his six amendment right to effective assistance of counsel because, petitioner attorney failed to inform him that, in order to secure a conviction for **solicitation of child pornography,** that

petitioner had to have taken "sexually explicit visual material".Petitioner never took any photographs and no photographs taken by petitioner was offered at trial. And the meaning of the terms "lewd, lascivious or indecent"

4). Constitutional due process requires that a criminal defendant's guilt be proved beyond a reasonable doubt.

5). The right to counsel dose not requires a showing of actual innocence.

6). The sixth amendment commands that even where there is no defense theory available, counsel still has a duty to hold the state to its "heavy burden" to prove guilt beyond reasonable doubt. Cronic, 466 U.S. at 657 n. 19, 104 S.CT.2039. (The failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the Strickland analysis...., as such an omission cannot be said to fall within "the wide range of professionally competent assistance' demanded by the Sixth Amendment") (quoting Strickland v. Washington, 466 U.S. at 690, 104 S.CT. 2052).

7). See also Williams v. Taylor, 529 U.S. 362, 405-06 S.CT. See Bigman, 906 F.2d at 394-95 (remanding for evidentiary hearing where the record failed to establish that habeas petitioner had received notice of elements of crime to which he had pleaded guilty);

8). The Supreme Court emphasized the importance of informing a defendant of the elements of the offense in Henderson v. Morgan, 426 U.S. 637, 96 S.CT. 2253, 49 L.Ed .2d 108 (1976).

---

When the photographs or other visual material are never made, the finder of fact may infer from other evidence that the defendant intended that they be sexually explicit. It is necessary only that the defendant knew the nature and character of the material he intended to produce, not whether they met the legal standard of sexually explicit material, Frantz v. Commonwealth, 388 S.E. 2d 273.

9). Petitioner states that an evidentiary hearing is necessary and 56 (a) of the Federal Rules of Civil Procedure.

Moreover, petitioner provides the following recitation of facts:

Petitioner met his victim at a park while playing basketball. During that time a conversation took place about money and oral sex. Petitioner and his victim agreed to go to a hotel and have oral sex for money. While there the victim wanted petitioner to take photographs of him in the nude. Petitioners said no and never took any photographs. When petitioner and victim finish having oral sex, we left. Petitioners stop by a atm machine to withdraw money and to give to his victim. Then petitioner took victim back to his neighborhood, where he drop his victim off. Petitioner and his victim exchange phone numbers and then we both departed.

WHEREFORE, your petitioner prays that this Honorable Court Grant the petition for writ of habeas corpus.

Respectfully submitted,

*Jerome Steven Gordon*
Jerome Steven Gordon, 1070452
Augusta Correctional Center
1821 Estaline Valley Road
Craigsville, Va 24430

## CERTIFICATE OF SERVICE

On March _13_, 2013, I, Jerome Steven Gordon hereby certify that a true copy of this document was mailed postage prepaid, to Donald E. Jeffrey, III, Senior Assistant Attorney General, Office of Attorney General, 900 East Main Street, Richmond, Virginia 23219.

*Jerome Steven Gordon*
Jerome Steven Gordon