IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Jerome Steven Gordon, )
  Petitioner, )
   )
v. ) 1:12cv834 (LO/TRJ)
   )
Daniel Braxton, )
  Respondent. )

## MEMORANDUM OPINION

Jerome Steven Gordon, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of solicitation of child pornography and carnal knowledge entered on a plea of no contest in the Circuit Court of the County of Chesterfield. On November 2, 2012, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief. Gordon was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed both a reply with supporting exhibits and a Motion to Dismiss Respondent['s] Motion and Rule 5 Answer. On January 11, 2013, petitioner submitted a Motion for Leave of Court to Amend Petition, which was granted by Order dated February 1, 2013. Respondent filed a Supplemental Motion to Dismiss on February 19, again accompanied by the appropriate Roseboro notice to petitioner. After obtaining an extension of time to do so, petitioner filed a Brief in Opposition to Supplemental Motion to Dismiss and a Motion for Leave of Court to Enter Summary Judgment on March 19, 2013. For the following reasons, respondent's Motion and Supplemental Motion to Dismiss will be granted, and the

1

petition will be dismissed. Petitioner's Motion to Dismiss ... Rule 5 Answer and Motion ... for Summary Judgment will be denied.

## I. Background

On July 23, 2009, petitioner pleaded no contest to one count of solicitation of child pornography and one count of carnal knowledge. On November 3, 2009, petitioner was sentenced to serve thirty (30) years in prison with eight (8) years suspended on the solicitation count, and five (5) years on the carnal knowledge charge. Case Nos. CR09F00152-01 and CR09F00165-02. Petitioner took no direct appeal.

On October 1, 2010, petitioner filed an application for a state writ of habeas corpus in the trial court. The court entered a detailed order dismissing the claims on the merits on January 26, 2012. Petitioner sought review of that decision by the Supreme Court of Virginia, which refused his petition for appeal by Order dated June 28, 2012. Gordon v. Braxton, R. No. 120521 (Va. June 28, 2012).

Gordon then turned to the federal forum and timely filed this application for § 2254 relief,[1] raising the following claims:

> 1. He received ineffective assistance of counsel at sentencing when his attorney failed to review the court file and determine that petitioner had a history of prior sexual assaults.

---

[1] Upon initial review of the petition, it appeared to be time-barred, and petitioner was allowed an opportunity to show cause why it should not be dismissed on that basis. Dkt. 5. Petitioner explained that his state habeas corpus application was conditionally filed on October 4, 2010 and remained pending for a month under a temporary case number until he paid the appropriate filing fee. Dkt. 9. Respondent was provided an opportunity to respond, and has informed the Court that independent investigation determined that the facts related by petitioner are materially correct, and that the federal petition accordingly was timely filed. Resp. Brief at 1, n. 1.

2. He received ineffective assistance of counsel when his attorney failed to object to the Commonwealth's argument that he gave alcohol and tobacco to his prior victims.

3. He received ineffective assistance of counsel when his attorney failed to seek an independent psychosexual evaluation.

4. He received ineffective assistance of counsel when his attorney failed to notice a direct appeal.

5. The evidence was insufficient to sustain the convictions.[2]

As noted above, respondent has filed a Motion to Dismiss and a Supplemental Motion to Dismiss, and petitioner has replied. All of the claims raised have been exhausted in the state forum.[3] Accordingly, this matter is now ripe for review.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is

---

[2]The insufficient evidence claim was added when petitioner's motion for leave to amend the initial petition was granted. Dkt. 26, 29.

[3]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

3

"contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

In his first four federal claims, petitioner argues that he received ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance requirement, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong

4

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy."). To satisfy the prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The two-part Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea or its equivalent, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the

5

range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket, 208 F.3d at 190.

In his first claim, Gordon argues that counsel provided ineffective assistance when he failed to review the court file and determine that petitioner had a history of prior sexual assaults. He reasons that as a result, counsel's ability to respond to the Commonwealth's "aggravation case" was "seriously compromise[d]." Petitioner rightfully does not contend that counsel should have objected to the introduction of the Commonwealth's aggravation evidence at sentencing, see Thomas v. Commonwealth, 18 Va. App. 656, 658-59, 446 S.E.2d 469, 471 (1994) (*en banc*) (trial judge may rely on past convictions in determining appropriate sentence); instead, petitioner argues that counsel should have introduced evidence concerning petitioner's "most unfortunate childhood" to counter the damaging effect of the Commonwealth's submissions. Pet. at unnumbered p. 12. When petitioner made this same argument in the state habeas corpus proceeding, it was rejected on the following holding:

> On Petitioner's third claim - that counsel failed put on mitigating evidence at sentencing - the Court does not see that a showing has been made that counsel's representation fell below an objective standard of reasonableness, nor is there any reasonable probability that but for any errors of counsel, the result in Peititioner's case would have been different.
>
> Petitioner claims that counsel did not put on enough mitigating evidence on his behalf. The transcript of the sentencing hearing shows that counsel did offer mitigating evidence when he called petitioner's brother to testify. The transcript also shows that the testimony had an impact on the Court in its sentencing decision, as the trial judge referenced Peititioner's brother when delivering his

sentence.

> Here, counsel did put on mitigating evidence at sentencing, and that mitigating evidence did influence the Court's decision. Petitioner pleaded no contest to the charges pursuant to a plea agreement. At the sentencing hearing, the Court's upward departure from the guidelines was based on Peititioner's record, the circumstances of the offense, and the report and evaluation ordered pursuant to Va. Code § 19.2-300. There has been no showing that either of these outcomes would have been different had counsel presented additional mitigating evidence.

Order 1/26/11 at 3.[4]

For the reasons which were clearly articulated in the foregoing order, petitioner's claim that counsel's failure to provide additional mitigating evidence at sentencing amounted to ineffective assistance is without merit. It is well established in federal jurisprudence that "'strategic choices made [by counsel] after thorough investigation ... are virtually unchallengeable....'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. In particular, decisions concerning the calling of witnesses are matters of strategy left to the attorney, and ordinarily cannot constitute ineffective assistance. Jones v. North Carolina, 547 F.2d 808 (4th Cir. 1977). Because courts recognize that "often, a weak witness ... is not merely useless but, worse than that, may detract from the strength of the case by distracting from stronger arguments," United States v. Terry, 366 F.3d 312, 318 (4th Cir. 2004), it is virtually universally held that "calling some witnesses and not others is the epitome of a strategic decision." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir.

---

[4]Because the Supreme Court of Virginia refused further review of the trial court's order without comment, Gordon v. Braxton, supra, the trial court's was the last reasoned state court decision on the claims, and its reasoning is imputed to the Supreme Court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

7

2000).

In this case, as the state court noted, petitioner's older brother Victor testified at sentencing that petitioner was a homeowner, a hard worker who was "very well liked" by his peers, and a "good person." Tr. 10/20/09 at 15 - 18. Victor explained that petitioner "ha[d] been through a lot in his childhood, a lot of stuff he hasn't dealt with," and that "coming up through childhood in the family, things happened, things I didn't even find out about until years later. So it has affected me just finding out what happened to him. I know it affected him." Id. at 17-18. The Court clearly was moved by Victor's testimony, because at its conclusion, the Ccourt observed, "I know this is hard for you sir, and the depth of your love for your brother comes through and I appreciate your testimony. Thank you very much." Id. at 19. In expressing its reasoning for the sentence to petitioner, the Court observed, " I look at you[r] brothers and your sister, and you seem like you come from good people. I can tell that they are good folks." Id. at 26. Under these circumstances, it is apparent that the Court was made aware through Victor's testimony of petitioner's "unfortunate childhood," and there is no indication that additional testimony in that regard would have resulted in a lesser sentence. Indeed, immediately after observing that petitioner appeared to "come from good people" who were "good folks," the Court opined that petitioner himself is "a despicable character in our society ... To pray [sic] on children is horrible." Id. For these reasons, the state court's denial of relief on petitioner's first claim was both factually reasonable and in accord with the controlling authority of Strickland, upon which the court expressly relied. Order 1/26/11 at 1. Therefore, the same result must be reached here. Williams, 529 U.S. at 412 - 13.

In his second claim, petitioner contends that his counsel provided ineffective assistance at

8

sentencing when he failed to object to the Commonwealth's argument that petitioner gave alcohol and tobacco to his prior victims. The state habeas court rejected this argument on the following holding:

> Regarding Petitioner's past behavior, Petitioner contends statements that he gave alcohol and tobacco to his victims were impermissible because he was never charged with delinquency and that the suggestion that Petitioner's sexual misconduct was related to alcohol and tobacco was never raised at trial. After reviewing the sentencing transcript, Petitioner appears to be referring to a statement by the prosecutor that one of Petitioner's previous victims had reported that the Petitioner had picked him up and purchased him alcohol. The fact that the Petitioner was never convicted of providing alcohol to a minor does not make this statement, which was expanding on the report submitted to the Court, inadmissible. Had counsel objected to this statement, the objection would likely have been overruled. Even if it was sustained, there is no showing that it would have affected the outcome of the proceeding, as it was only raised for one prior offense.
>
> Because objections to these statements would likely have been overruled, and even if they had been sustained would not have changed the outcome of the proceeding, the Court finds that Petitioner has failed to meet either of the Strickland prongs.

Order 1/26/11 at 5-6.

For the reasons expressed in the foregoing order, it is apparent both that counsel's failure to object to the prosecutor's statement was not objectively unreasonable, and that there was no reasonable probability that it changed the outcome of the sentencing proceeding. Cf. Strickland, 466 U.S. at 694.[5] Therefore, petitioner has failed to demonstrate that the denial of relief on this claim was factually unreasonable or a misapplication of controlling federal principles, and the claim likewise must be denied here. Williams, 529 U.S. at 412 - 13.

---

[5]It is worthy of note that the same judge presided at trial and sentencing and in the habeas corpus action.

9

In his third claim, petitioner asserts that his attorney provided ineffective assistance by failing to seek an "independent" psychosexual evaluation of petitioner. Petitioner reasons that but for this alleged deficiency, the outcome of his sentencing "may" have been different. The state habeas court found no merit to this position:

> On Petitioner's second claim - counsel failed to do his own evaluation of Petitioner for sentencing - the Court does not see that a showing has been made that counsel's representation fell below an objective standard of reasonableness, nor is there any reasonable probability that but for any errors of counsel, the result in the Petitioner's case would have been any different.
>
> Once the Court accepted the plea agreement and found Petitioner guilty of both charges, the Court ordered the preparation of a presentence report and a sex-offender evaluation pursuant to Va. Code § 19.2-300. Petitioner claims that if counsel had offered 'his own' evaluation, then there would have been two reports presented to the Court at sentencing. However, the language of Va. Code § 19.2-300 and Va. Code § 19.2-301 indicates that these reports and evaluations are to be ordered by the Court, not by the parties. The parties may request that the Court order one if the Court has not done so on its own initiative. Counsel was under no obligation to petition the Court to order a second evaluation after it had already ordered one. Therefore, the Court finds that Petitioner has not shown that counsel's performance has not [sic] fallen below and objective standard of reasonableness with regards to this ... claim.
>
> Additionally, the transcript of the sentencing hearing shows that counsel stated that the prosecutor 'is going to ask for some significant amendments to it ...' The fact that the prosecution asked for significant changes to the report implies that the report was favorable to Petitioner. Even if there were another report, it would have either been cumulative or detrimental to the Petitioner. The Petitioner has not made a showing that the outcome of the proceeding would have been any different if counsel had done his own evaluation.

Order 1/26/11 at 3-4.

For the reasons which were thoroughly explained by the state court, the option of requesting an additional psychological report was not available to counsel, and even if it had

10

been, it would not have favored petitioner or positively affected the outcome of the sentencing proceeding. Under such circumstances, ineffective assistance of counsel clearly has not been demonstrated. See Poyner v. Murray, 964 F.2d 1404, 1419 (4th Cir.) (counsel not ineffective for failing to 'shop around' for additional psychological opinions), cert. denied, 506 U.S. 958 (1992).

In his fourth claim, petitioner argues that he received ineffective assistance of counsel when his attorney failed to notice a direct appeal. When petitioner made this same contention in his state habeas corpus action, the trial court found it to be without merit, as follows:

> On Petitioner's sixth claim - that counsel failed to file an appeal when instructed to do so by Petitioner - the Court does not see that a showing has been made that counsel's representation fell below an objective standard of reasonableness.
>
> Petitioner claims that he instructed counsel to file an appeal. Petitioner also claims that the affidavits of counsel and himself are conflicting. However, the evidence indicates otherwise. Petitioner's own affidavit indicates that he merely 'asked [counsel] is there anything else we can do from this point ...' An affidavit submitted by counsel indicates that he spoke with Petitioner and indicated that he had not been retained for post-conviction motions, and that Petitioner's family informed him that they were going to hire another attorney to handle these matters. These two affidavits are not conflicting - neither shows nor suggests that Petitioner ever instructed Counsel to file an appeal.
>
> At trial, the Petitioner pleaded no contest. The transcript reflects the following:
>
>> THE COURT: And finally, do you understand that by entering these pleas of no contest you may be waving [sic] your right to appeal the Court's decision?
>>
>> THE DEFENDANT: Yes, sir.
>>
>> THE COURT: And are you satisfied with your lawyer's services?
>>
>> THE DEFENDANT: Yes, sir.

11

> THE COURT: He's done everything you've asked
> him to do?
>
> THE DEFENDANT: Yes, sir.[6]
>
> The evidence shows that the counsel was not retained for post-conviction motions, and that Petitioner did not directly ask or instruct Counsel to file an appeal. Therefore, the Court cannot find that counsel's performance fell below an objective standard of reasonableness when he did not file one.

Order 1/26/11 at 6.

For the reasons which were amply explained by the state court, petitioner's current allegation that he instructed counsel to file a direct appeal finds no support in the record. Counsel's failure to do so thus cannot support a claim of ineffective assistance, and the state courts' denial of relief on this claim must not be disturbed. <u>Williams</u>, 529 U.S. at 412 - 13.

In his fifth claim, petitioner argues that he is entitled to § 2254 relief because the evidence was insufficient to sustain the convictions. When petitioner presented this same argument to the state court in his habeas corpus application, it was rejected on the following holding:

> Petitioner claims that the evidence was insufficient to convict him of the offenses he was charged with. However, Petitioner pleaded no contest at trial. Petitioner was *voire [sic] dired* extensively by the Court to ensure he was entering a plea of no contest freely and voluntarily. The transcript reflects, in relevant part:
>
> > THE COURT: Are you pleading no contest because you believe the evidence that the Commonwealth would present would be sufficient to convict you of these offense?
> >
> > THE DEFENDANT: Yes, sir.
>
> Petitioner pleaded no contest and stated affirmatively that the

---

[6]See Tr. 7/23/09 at 15.

> evidence that would be presented would be sufficient to convict him. He cannot now come before the Court and argue that the evidence would have been insufficient to convict him. Petitioner cannot circumvent the trial and appeal process through a writ of habeas corpus. *See* Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974). The Court dismisses Petitioner's claim of insufficiency of the evidence.

As respondent argues, petitioner's claim of insufficient evidence is procedurally defaulted from federal review as the result of the foregoing holding by the trial court. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Here, then, the state courts' express finding that Slayton barred initial review of an insufficient evidence claim on habeas review also precludes federal review of the claim. Clanton, 845 F.2d at 1241.

A federal court may not review a procedurally barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective

13

assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his Brief in Opposition of Supplemental Response, petitioner appears to argue that his insufficient evidence claim should not be barred because the Court has misapprehended the nature of the claim. Specifically, petitioner asserts that he "amended his federal Petition, under Subheading ineffective assistance of counsel." Dkt. 39 at 1. He then argues that counsel provided ineffective assistance at trial by failing to inform petitioner of the essential elements of the crime of solicitation of child pornography. Id. at 1-2. This argument fails for several reasons. First, petitioner clearly stated in his Motion to Amend that he sought permission to amend the petition by adding the claim of insufficiency of the evidence that was exhausted in state court and adjudicated at "1/26/11 Letter Opinion at 6." Dkt. 22 at 2. That claim was a straightforward argument that the evidence was insufficient to sustain the conviction, which as discussed above was determined by the state habeas court to be procedurally defaulted under Slayton. Careful review of petitioner's state habeas corpus application reveals no instance where he argued, as he now apparently attempts to do, that counsel provided ineffective assistance for failing to apprise him of the essential elements of a crime with which he was charged. Thus, even if petitioner did intend to assert such a claim in his Motion to Amend, the claim at this juncture would be simultaneously unexhausted and procedurally barred from federal consideration. Cladgett v. Angelone, 209 F.3d 370, 378 - 79 (4th Cir. 2000). Accordingly,

14

petitioner has made no showing of cause and prejudice or a fundamental miscarriage of justice, and claim five of the petition is procedurally barred from review on the merits.

Lastly, it is noted that petitioner argues in his Brief in Opposition of Supplemental Motion to Dismiss that "an evidentiary hearing is necessary" in this case. Dkt 39 at 3. However, pursuant to the Supreme Court's decision in Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388 (April 4, 2011), an evidentiary hearing is not warranted.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss and Supplemental Motion to Dismiss will be granted, and this petition will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 14th day of May 2013.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge